Filed 06/29/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 26-CV-01474

| Whitney Tummings v. Bella Lusso Jewelers |
| --- |

## ENTRY REGARDING MOTION

**Title:**  Motion to Dismiss; Memorandum in Opposition with Certificate of Service (Motion: 3)
**Filer:**  Whitney Tummings; Alexander D. Cyr
**Filed Date:**  May 21, 2026; June 16, 2026

Plaintiff Whitney Tummings brought this case against Defendant Girl Power, LLC d/b/a Bella Lusso Jewelers because of dissatisfaction with a custom necklace.  Bella Lusso has moved to dismiss (Mot. 3), asserting claim preclusion from a Feb. 14, 2025 small claims judgment in 24-SC-00791 (the "small claims case").  Tummings opposes.  Bella Lussa has counsel and Tummings represents herself.

For the reasons set forth below, this court GRANTS Bella Lusso's motion to dismiss (Mot. 3).

### I.    Background

This section focuses on the allegations most relevant to the pending motion.

The complaint in Tummings's small claims case related to her "dissatisfaction with the modification" of "a chain" that she found "of poor quality, thin, and unable to bear weight, not meeting [her] expectations."  She sought a refund, interest and costs of $3,810.  Mot. Ex. 1.

At trial on Feb. 6, 2025, Tummings failed to appear.  The court entered judgment for Bella Lusso, finding that Tummings had failed to appear and to meet her burden of proof.  Mot. Ex. 2.  Judgment became final on Feb. 14, 2025 after the court granted Bella Lusso's motion to dismiss its counterclaim.  Mot. Ex. 3.  Tummings did not appeal.  Mot. Ex. 5.

On May 28, 2025, Tummings filed a letter "requesting a judgment in the amount of $4,620 – the full value listed on [Bella Lusso's Mar. 8, 2024 attached] appraisal – and any additional relief the court deems appropriate based on the circumstances."  Mot. Ex. 4.  The court denied that untimely request.  Mot. Ex. 5.

Tummings commenced this case on Mar. 6, 2026, seeking in part $4,620 for a necklace from Bella Lusso based on its "appraisal dated March 8, 2024 valuing the necklace at $4,620."  Mot. Ex. 6 ¶5, § IV.

Bella Lusso notes this case involves "the same purchase of a piece of custom jewelry" involving "the same appraisal" in the small claims case. Mot. at 2. Tummings agrees. Opp. § II.C (stating "both complaints relate to the same underlying jewelry transaction").

## II.   Discussion

Under V.R.C.P. 12(b)(6), the court "must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514. The court considers whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Davis v. American Legion, Dept. of Vermont*, 2014 VT 134, ¶ 12, 198 Vt. 204 (quotation omitted).

"[D]ismissals [for issue or claim preclusion] should occur pursuant to Rule 12(b)(6) for failure to state a claim." *Vermont Hum. Rts. Comm'n v. Town of St. Johnsbury*, 2024 VT 71, ¶ 20, 220 Vt. 214, 225 (quoting 5B C. Wright et al., Federal Practice and Procedure § 1350 (4th ed. 2024)).

Claim preclusion, or res judicata, "rests on the fundamental precept that a final judgment on the merits puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." *Nat. Resources Bd. Land Use Panel v. Dorr*, 2015 VT 1, ¶ 11, 198 Vt. 226 (citation and quotation omitted). The doctrine "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *Berlin Convalescent Ctr., Inc. v. Stoneman,* 159 Vt. 53, 56 (1992) (citation and quotation omitted). "A claim need not be actually litigated in the earlier proceeding; rather, the doctrine applies to claims that were or should have been litigated in the prior proceeding." *Bain v. Hofmann,* 2010 VT 18, ¶ 4, 187 Vt. 605 (quotation and citation omitted). Contrast Opp. §§ II.B, II.C (asserting otherwise). "The policies underlying the doctrine of claim preclusion are so fundamental to our precedent-based legal system that the U.S. Supreme Court has refused to recognize public policy and simple justice as rationales for avoiding the doctrine's strict application." *Moyers v. Poon*, 2018 VT 27, ¶ 11, 207 Vt. 37 (citation and internal quotation marks omitted). Contrast Opp. § II.D (suggesting equity exception).

> *Res judicata* does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim. That is why it has long been the law that default judgments can support *res judicata* as surely as judgments on the merits.

*E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n as Tr. for Greenpoint Mortg. Funding Tr. Mortg. Pass-Through Certificates, Series 2006-AR6*, 118 F.4th 488, 501–02 (2d Cir. 2024) (Menashi, J., concurring) (citation and quotations omitted) (italics in original). See also *Stratton v. Steele*, 144 Vt. 31, 35 (1984) (noting federal rule that "failure to raise a compulsory counterclaim will result in a bar to future litigation of the claim under the doctrine of res judicata," that Vermont "also recognize[s] . . . the doctrine of collateral estoppel and res judicata" and adopting federal test for

2

assessing Rule 13(a) compulsory counterclaims); *In re Leben*, No. 03-11824, 2006 WL 851809, at *3 (Bankr. D. Vt. Feb. 14, 2006) ("The Supreme Court and the Second Circuit Court of Appeals have made clear that '[a] judgment of a court having jurisdiction of the parities ... operates as res judicata, in the absence of fraud or collusion, even if obtained in default.'"); *DeYoung v. Ruggiero*, 2009 VT 9, ¶ 16, 185 Vt. 267, 274 ("A default judgment is a judgment on the merits that conclusively establishes the defendant's liability.") (citation and internal quotations omitted); *Whitaker v. Woodard*, No. 23-AP-414, 2024 WL 3876116, at *2 (Vt. Aug. 15, 2024) (unpub. mem.) ("A failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim.") (quoting 6 Wright & Miller, Federal Prac. and Proc., §§ 1403, 1417 (3d ed.)). Contrast Opp. § II.A (suggesting that the judgment in the small claims case cannot support claim preclusion).

Claim preclusion bars this case. Tummings admits this case involves the same facts as her small claims case. Opp. § II.C (stating "both complaints relate to the same underlying jewelry transaction"). That case resulted in a final judgment between the same parties. *Berlin Convalescent Ctr., Inc.*, 159 Vt. at 56. It makes no difference that this case involves additional claims. In the small claims case, Tummings had a "full and fair opportunity to litigate" her claims in this case. None of them seek equitable relief. See Compl. (seeking damages only). Tummings could have brought them in her small claims case, subject to the applicable damages cap. See V.R.S.C.P. 2(a). Contrast Opp. § II.B (asserting otherwise).

## III.    Order

For the reasons set forth above, the court GRANTS Bella Lusso's motion to dismiss (Mot. 3).

Electronically signed pursuant to V.R.E.F. 9(d) on June 26, 2026.

Colin Owyang
Superior Court Judge